UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID CALLAHAN, and HEINE HEININGER, Individually, and on Behalf of All Similarly Situated Persons,<br><br>Plaintiffs,<br><br>v.<br><br>CHERYL YORK, ROBERT BERLIN, in his Official Capacity as DuPage County State's Attorney, and The COUNTY OF DUPAGE,<br><br>Defendants. | No. 18 C 6276<br><br>Chief Judge Rubén Castillo |

## MEMORANDUM OPINION AND ORDER

Plaintiffs David Callahan ("Callahan") and Heine Heininger ("Heininger") filed this putative class action against the DuPage County State's Attorney's Office investigator Cheryl York, DuPage County State's Attorney Robert Berlin ("Berlin") in his official capacity, and the County of DuPage, following York's seizure of certain psychotherapy records. Before the Court is Defendants' Motion to Dismiss. (R. 10, Defs.' Mot.) For the reasons stated below, the motion is granted in part and denied in part.

## BACKGROUND

During 2015-16, Callahan and Heininger were patients of psychotherapist Robert Moylan. (R. 1, Compl. ¶ 8.) Among other things, Moylan provided court-ordered counseling and therapy services to people who plead guilty to and/or were convicted of alcohol-related driving offenses. (*Id.* ¶ 11.) Plaintiffs allege that on or about September 14, 2016, York knowingly, maliciously, and falsely stated that Moylan's patients were not attending their mandatory therapy sessions and that Moylan was falsifying documents claiming otherwise. (*Id.* ¶¶ 12-14.) Based

upon these false representations, Plaintiffs say, a search warrant was issued, permitting York to seize certain of Moylan's business records. (*Id.* ¶ 15.) When York executed the warrant, however, she not only seized Moylan's business records, but also the confidential therapy notes and patient files of hundreds of Moylan's patients. (*Id.* ¶ 18.) Defendants allegedly knew that no notice had been given to Moylan or his patients in advance of the seizure, and that no patient had consented to disclosure of their confidential patient-therapist communications. (*Id.* ¶¶ 20, 22.) Claiming a violation of their right to privacy in the patient-therapist records, Plaintiffs filed this action on behalf of all of Moylan's affected patients. (*Id.* ¶¶ 17, 27.)

## LEGAL STANDARD

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all possible inferences in the plaintiff's favor. *Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but . . . need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (internal quotation omitted).

**ANALYSIS**

Plaintiffs seek damages against York for claimed violations of the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment (Count I), injunctive relief against York and Berlin in the form of return of the records (Count II), and indemnification from Berlin and the County of DuPage (Count III). (R. 1, Compl. ¶¶ 34-47.) Defendants move to dismiss the complaint in its entirety, arguing: (1) the Fourth Amendment claim fails because Plaintiffs allege that the records were not in their possession but in the possession of Moylan; (2) the substantive Due Process claim fails because it is premised solely on the records seizure for which a Fourth Amendment analysis controls; (3) qualified immunity protects York because no Fourth Amendment or Due Process right was violated or had been clearly established as to psychotherapy records at the time of their seizure; (4) Plaintiffs fail to state the elements of an official capacity claim against Berlin; (5) the injunctive relief claim fails for lack of standing; and (6) without the substantive claims, the indemnification claim necessarily fails. (R. 10, Defs.' Mot.) This Court addresses each argument in turn.

**I.  Fourth Amendment Claim**

Defendants argue that Plaintiffs' Fourth Amendment claim is precluded by the third-party doctrine emanating from *United States v. Miller*, 425 U.S. 435 (1976), and *Smith v. Maryland*, 442 U.S. 735 (1979), that information voluntarily relinquished to a third party is not protected under the Fourth Amendment. (R. 10, Defs.' Mot. at 3-4.) According to Defendants, because Plaintiffs plead that the records relating to their counseling were seized from Moylan's possession and Plaintiffs do not plead they had not consented to his possession, Plaintiffs could not have had any reasonable expectation of privacy or property interest in them. (*Id.* at 4.) Plaintiffs reject application of the third-party doctrine here, arguing it is based on a stale Fourth Amendment analysis grounded in property rights and not the more currently employed privacy-

3

based analysis. (R. 16, Pls.' Resp. at 3-4). According to Plaintiffs, their expectation of privacy in the records held by Moylan is reasonable, and is protected not only by the Fourth Amendment, but also by federal and state law. (R. 16, Pls.' Resp. at 6.)

As Defendants observe, "[A] person has no legitimate expectation of privacy in information he voluntarily turns over to third parties," even "if the information is revealed on the assumption that it will be used for a limited purpose and the confidence placed in the third party will not be betrayed." *Smith*, 442 U.S. at 743-44 (citing *Miller*, 425 U.S. at 442-44)). Accordingly, in *Miller*, the Court found no reasonable expectation of privacy in the contents of checks, deposit slips, and financial statements used in commercial transactions since they reflected "information voluntarily conveyed to the banks and exposed to their employees in the ordinary course of business." *Miller*, 425 U.S. at 443. Likewise, in *Smith*, the Court found no reasonable expectation of privacy in information gathered from a device which recorded numbers dialed on a telephone but not whether a call was completed or the contents of any conversation. *Smith*, 442 U.S. at 736 n.1, 745. Under these authorities, Defendants say, Plaintiffs could have no reasonable expectation of privacy in the information they voluntarily relinquished to Moylan. (R. 10, Defs.' Mot. at 3-4.)

The facts alleged in this case, however, are far different from those at issue in *Miller* and *Smith*, and Defendants overlook a fundamental portion of their analysis. While "the third-party doctrine partly stems from the notion that an individual has a reduced expectation of privacy in information knowingly shared with another," it is clear that the nature of the particular information sought must also be considered in determining whether there is a legitimate expectation of privacy. *Carpenter v. U.S.*, 138 S. Ct. 2206, 2219 (2018). In *Miller*, 425 U.S. at 443, the nature of the records confirmed Miller's limited expectation of privacy, since checks

4

and bank statements are used in the ordinary course of business; in *Smith*, 442 U.S. at 745, the fact that telephone companies routinely use telephone numbers for various business purposes assured the Court that any actual expectation of privacy in the numbers people dialed was doubtful.

To the contrary here, Plaintiffs alleged a property interest in their psychotherapy records, and the records are not of the sort that suggest a reduced expectation of privacy. As Plaintiffs allege, they expected their confidential psychotherapy records to remain private and the reasonableness of that expectation is supported by the protection of such records found both in federal and state law. (R. 1, Compl. ¶ 10.) Moreover, the U.S. Court of Appeals for the Seventh Circuit has long since recognized a qualified constitutional right to the confidentiality of medical records and medical communications. *See, e.g., Anderson v. Romero*, 72 F.3d 518, 522 (7th Cir. 1995) (surveying constitutional law in evaluating whether prisoner's right to confidentiality of medical records was clearly established at time). Further, as Plaintiffs correctly note, the Supreme Court has found an expectation of privacy in one's medical records reasonable. *See Ferguson v. City of Charleston*, 532 U.S. 67, 78 (2001) (reversing judgment for defendants on claim that state hospital's disclosure of drug test results to law enforcement violated Fourth Amendment). As the Court explained, "The reasonable expectation of privacy enjoyed by the typical patient undergoing diagnostic tests in a hospital is that the results of those tests will not be shared with nonmedical personnel without her consent." *Id.*, 532 U.S. at 78. This rationale applies with equal force here.

For these reasons, the motion is denied as to the Fourth Amendment claim contained in Count I.

5

## II. Substantive Due Process Claim

Defendants also seek to dismiss Count I to the extent it is premised on a claimed violation of substantive due process. According to Defendants, such a claim must fail because it is based solely on the seizure of records for which a Fourth Amendment analysis controls. (R. 10, Defs.' Mot. at 4-6.) Plaintiffs argue in opposition that they have adequately stated a due process claim based on their asserted right to privacy in therapy notes, and their interest in avoiding disclosure of personal matters. (R. 16, Pls.' Resp. at 8.) Because therapy notes are diagnostic in nature and relate to medical conditions including alcoholism and drug abuse, Plaintiffs argue, they have stated a substantive due process claim arising from York's seizure of that information. (*Id.*)

It is well settled, however, that "substantive due process may not be called upon when a specific constitutional provision . . . protects the right allegedly infringed upon." *Doe v. Heck*, 327 F.3d 492, 518 n. 23 (7th Cir. 2003) (child's constitutional claim based on seizure from home is analyzed under Fourth Amendment not substantive due process unless it is alleged that other conduct interfered with parent-child relationship); *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1017-18 (7th Cir. 2000) (same). The Supreme Court has repeatedly cautioned lower courts against applying more general due process principles when a specific constitutional provision applies. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." (citation and internal quotation marks omitted)). Plaintiffs' argument notwithstanding, because their claim is based on the seizure of psychotherapy records and not some additional act alleged to have infringed upon

6

a claimed privacy right, a Fourth Amendment analysis controls. Accordingly, to the extent Count I is based on substantive due process, it is dismissed.

### III. Qualified Immunity

Based largely on their assertion that the seizure violated no constitutional right, Defendants also argue York is entitled to qualified immunity. (R. 10, Defs.' Mot. at 6-7.) Even if a constitutional right had been violated, they continue, qualified immunity nevertheless applies since any right as it relates to Plaintiffs' psychotherapy records was not clearly established at the time of the records seizure. (*Id.* at 6.) According to Plaintiffs, however, York is not protected by qualified immunity since a right to privacy in psychotherapy records, like other medical records, was well established long before the seizure at issue here. (R. 16, Pls.' Resp. at 8.)

The Seventh Circuit has noted that "a complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (noting that immunity defense usually depends on facts, and that plaintiff need not plead in anticipation to overcome it). In determining whether qualified immunity applies, a court considers "(1) whether the plaintiff's allegations make out a deprivation of a constitutional right, and (2) whether the right at issue was clearly established at the time of the defendant's alleged misconduct." *Siliven v. Ind. Dep't of Child Servs.*, 635 F.3d 921, 925-26 (7th Cir. 2011) (citing *Pearson v. Callahan,* 555 U.S. 223, 232 (2009)). Because the Court has already determined that Plaintiffs have alleged a deprivation of a constitutional right, the remaining issue to be decided is whether the right was clearly established.

According to Defendants, the Seventh Circuit's decision in *Young v. Murphy*, 90 F. 3d 1225 (7th Cir. 1996), prevents Plaintiffs from making the requisite showing. (R. 10, Defs.' Mot. at 6-7.) In *Young*, the court found that qualified immunity shielded investigators who had

searched a patient's nursing home and hospital records from a Fourth Amendment claim because the patient had not alleged any possessory interest in the records nor any other basis to conclude the asserted right had been clearly established at the time. *See id.* at 1236. To the contrary here, however, Plaintiffs allege both a possessory interest and an expectation of privacy in their psychotherapy records, and the reasonableness of that expectation is supported by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996), the Illinois Mental Health Developmental Disabilities Confidentiality Act, 740 ILL. COMP. STAT. 110 *et seq.*, and the Supreme Court's decision in *Ferguson*. (R. 1, Compl. ¶ 9-10, 16.)

Accordingly, because it is not clear at this stage that the state of the law was such that York is entitled to qualified immunity, the motion to dismiss on this basis is denied.

## IV.    Injunctive Relief Claim and Official Capacity Claims Against Berlin

Defendants seek dismissal of Plaintiffs' injunctive relief claim for lack of standing and Plaintiffs' official capacity claims against Berlin for failure to plead the requisite elements under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978). (Defs.' Mot. at 7-8.) Plaintiffs do not respond in opposition to either argument and have accordingly forfeited the claims. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("[A] litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss."). In any event, the Court agrees with Defendants on both points. Plaintiffs' injunctive relief claim fails since they have not alleged any real and immediate threatened injury, but only a past one. *See Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017). Similarly, Plaintiffs' official capacity claims against Berlin fail since Plaintiffs fail to allege Berlin had final policymaking authority or a "true municipal policy at issue, not a random life event." (R. 10, Defs.' Mot. at 7

8

(citing *Liska v. Dart*, 60 F. Supp. 3d 889 (N.D. Ill. 2014)).) Accordingly, the injunctive relief claim (Count II) and the claims against Berlin (Counts II and III) are dismissed.

## V.     Indemnification

Finally, Defendants move to dismiss Plaintiffs' indemnification claim on the sole basis that it necessarily fails if the substantive claims fail. (R. 10, Defs.' Mot. at 9.) Because the motion is denied as to Plaintiffs' Fourth Amendment claim therefore, the motion is likewise denied as to the claim for indemnification (Count III).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (R. 10) is GRANTED as to the substantive due process claim in Count I, the injunctive relief claim in Count II, and the official capacity claims against Berlin in Counts II and III. The motion is DENIED as to the remainder. Plaintiffs are given until January 29, 2019 to file an amended complaint consistent with this order. A status hearing is set for January 30, 2019 at 9:45 a.m. The parties are DIRECTED to exhaust all settlement possibilities prior to the status hearing.

ENTERED:
**Chief Judge Rubén Castillo**
**United States District Court**

**Dated: December 21, 2018**